UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA         :
                                 :          **ORDER**
v.                               :
                                 :          17 CR 35-1 (VB)
ROSHEEN HILLIARD,                :
                    Defendant.   :
--------------------------------------------------------x

By letter dated November 2, 2020, defendant requests that the Court direct the Probation Department to "amend" the presentence report ("PSR") to state that he is not in need of drug treatment. According to defendant, if the Court were to so amend the PSR, it would lead to a lower score under the Bureau of Prisons ("BOP") Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"), and thus, perhaps, an earlier release from prison.

The Court has carefully reviewed the November 2 letter, as well as the government's response and defendant's reply. The Court has also reviewed the PSR, conferred with the probation officer who prepared the PSR, and re-read the sentencing transcript.

For the reasons set forth below, defendant's application is DENIED.

According to the PSR (¶ 77), defendant told the probation officer he smoked marijuana every day from 1999 until he was arrested in 2016, although he also said he would occasionally stop smoking marijuana and then start smoking again after a few months. Defendant said he was amenable to receiving drug-treatment services while in custody. (PSR ¶ 79).

At sentencing, defense counsel asked the Court to recommend to the BOP that defendant be "considered or recommended" for the BOP's Residential Drug Abuse Program ("RDAP"). (Tr. 62). RDAP is the BOP's "most intensive treatment program," in which cognitive behavioral therapy "is used in a modified therapeutic community model where offenders experience living in a pro-social community" separate from general population; "RDAP is typically nine months in duration." See Substance Abuse Treatment, Federal Bureau of Prisons, https://www.bop.gov/inmates/custody_and_care/substance_abuse_treatment.jsp (last visited Nov. 17, 2020). The law provides an incentive for an inmate's successful completion of RDAP—the BOP may reduce his period of confinement by up to twelve months. See 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R §§ 550.53, 550.54, 550.55.

In the Court's experience, both as a judge and as a practicing attorney, defendants often request a recommendation to RDAP at the time of sentencing, in large part because of the opportunity for a twelve-month reduction of sentence. Also in the Court's experience, because RDAP is so popular, the program is reserved for those inmates who have a documented history of serious drug addiction involving narcotics such as heroin or cocaine. Thus, the Court declined to recommend RDAP here, explaining that although defendant had a long history of drug use, his drug of choice was marijuana and therefore he did not have a "severe substance abuse problem," such as "being an addict in terms of crack or cocaine or heroin." (Tr. 62).

The Court nevertheless said it would recommend "appropriate drug treatment" but would leave it up to the BOP to determine what treatment to provide. (Tr. 62) The Court did exactly that in the Judgment. (Doc. #109 at 2). The Court also adopted the probation officer's recommendation to impose a special condition of supervised release requiring outpatient drug treatment and testing. (Id. at 5). What the Court certainly did not do was make a finding about defendant's drug history that was inconsistent with the PSR.

Importantly, defendant did not object to the PSR's factual recitation about drug history. To the contrary, he relied on that history to seek a recommendation that he be permitted to enter BOP's most intensive drug treatment program, RDAP, while in custody. Nor did he object to the imposition of the special condition of drug treatment. (Tr. 59). In short, there are no inaccuracies in the PSR that warrant amendment.

It is apparent that defendant is trying to have it both ways. When it suited his purpose to claim his history of drug abuse warranted enrollment in RDAP—upon the successful completion of which he would have been eligible for up to a twelve-month reduction in sentence—he relied on that history. But now that it suits his purpose to claim the Court made a finding at sentencing that was inconsistent with the PSR—because, if the Court agrees, that could lead to an earlier release from prison—he seeks an amendment of the PSR. The Court declines to countenance such manipulation.[1]

Accordingly, there is simply no basis for amending the PSR to state that defendant is not in need of drug treatment. The Court believes now, and believed at the time of sentencing, that defendant is in need of drug treatment, based on defendant's own description of his long history of marijuana use and based on his attorney's request that defendant be permitted to enter RDAP.

For the sake of clarity, the Court takes no position one way or the other with respect to the BOP's determination of defendant's PATTERN score. That is entirely up to the BOP.

---

[1] In his reply dated November 16, 2020, defendant argues that regular marijuana use should not be equated with addiction to heroin or cocaine, and that it would be irrational to "increase the length of Mr. Hilliard's incarceration for past behavior [marijuana use] that is, or soon will be, legal in many states." (Doc. #161 at 1). Of course, the Court did not equate marijuana use with heroin or cocaine addiction. To the contrary, it said that defendant's long history of marijuana was not as serious as cocaine or heroin addiction, which is why the Court declined to grant defendant's request to recommend RDAP based on his history of marijuana use. Moreover, no one is suggesting that Hilliard's sentence should be "increase[d]" because he used marijuana. The only question (at least according to defendant) is whether it should be decreased because he only used marijuana. Likewise, defendant repeatedly argues that the unobjected-to reference in the PSR to defendant's long history of marijuana use should not be used to "increase" the time defendant will spend in prison. (Id. at 2). It is self-evident that that reference is not being used to "increase" defendant's time in prison. Defendant's time in prison is based on his sentence of 108 months' imprisonment, and the exceptionally serious criminal conduct upon which that sentence was based—his leadership of an extensive heroin trafficking organization in Sullivan County that directly contributed to the pain and suffering and social ills of that rural community—which was well-deserved at the time it was imposed, and remains well deserved today.

The Court will direct the Probation Department to provide a copy of this order to the BOP.

Dated: November 17, 2020
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge