UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ROSHEEN HILLIARD, :
                      Petitioner, : **MEMORANDUM OPINION**
                                 : **AND ORDER**
v. :
                                 : 20 CV 8151 (VB)
UNITED STATES OF AMERICA, : 17 CR 35-1 (VB)
                      Respondent. :
--------------------------------------------------------------x

       In a pro se submission filed September 29, 2020, Rosheen Hilliard alleges that "this Court and the United States of America failed under both Rule 4(c)(1) and the Long-arm Statute to obtain and effect Personal Jurisdiction over" him, and thereby denied him due process in his criminal case. (Doc. #1 at 1-2).[1]

       In his September 29 submission, Hilliard asserts he was not seeking to challenge his conviction or sentence. (Doc. #1 at 3). However, by Order dated October 5, 2020, the Court construed Hilliard's submission as a motion for relief under 28 U.S.C. § 2255, because Hilliard did appear to be challenging the Court's jurisdiction over his criminal case, which, if true, would constitute a challenge to the validity of his conviction and sentence. (Doc. #3).

       Notwithstanding the foregoing, in its October 5 Order, the Court informed Hilliard that a criminal defendant ordinarily has only one opportunity to adjudicate any claims in a Section 2255 motion. The Court therefore gave Hilliard an opportunity to withdraw his motion if he did not wish to pursue relief under Section 2255. See Castro v. United States, 540 U.S. 375, 383 (2003); Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998).

---

[1]     All references herein to document numbers in the Court's Electronic Case Filing system are references to the docket in case number 20 CV 8151 (VB).

1

In his response to the Court's October 5 Order, Hilliard states that his submission "is not a challenge to the sentence, nor is [it] a challenge to the conviction," and therefore it "is not a 28 USC 2255."  (Doc. #4 at 2).

Accordingly, the Court concludes that Hilliard does not wish to pursue the instant matter as a Section 2255 motion, and the Court will not construe his submission as a Section 2255 motion.

Having said that, it is nevertheless clear that Hilliard is not entitled to any of the relief sought in his submission.

In both his initial submission and his response to the Court's October 5 Order, Hilliard states that his submission is a "Responsive Pleading" pursuant to Rule 12(a)(1)(A)(i).  That rule is a rule of civil procedure which has no application to this criminal case.  Hilliard also invokes other rules of civil procedure, such as Rules 4(c)(1), 9(b) and 56, as well as the "long arm statute," all of which apply in civil cases and therefore have no application to this criminal case.  And he cites as authority for the relief he seeks the case of Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535 (9th Cir. 1986), which addresses service of process upon and the exercise of personal jurisdiction over a defendant in a civil case, and thus also has no application to this criminal case.

Moreover, as a matter of criminal law, a federal district court has personal jurisdiction over a defendant in a criminal proceeding whenever the defendant in that proceeding is charged with a federal crime over which the court has subject matter jurisdiction, and the defendant is brought before that court.  See United States v. McLaughlin, 949 F.3d 780, 781 (2d Cir. 2019).  Here, this Court had subject matter jurisdiction over Hilliard's criminal case pursuant to 18 U.S.C. § 3231 because the charge brought against him—conspiracy to distribute and possess

with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846—is an offense against the laws of the United States, and because Hilliard was arrested and brought before the Court to answer that charge.

Accordingly, to the extent Hilliard claims this Court lacked personal jurisdiction over him in his criminal case, that claim is DENIED.  Likewise, Hilliard's request that he be immediately released from custody and awarded damages of 100 million Euros is also DENIED, as is his request that the Court recuse itself.

As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to close case number 20 CV 8151.

Chambers will mail a copy of this Order to petitioner at the following address:

Rosheen Hilliard
Reg. No. 78381-054
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ  08640

Dated: November 23, 2020
       White Plains, NY

SO ORDERED:

*(signature)*

Vincent L. Briccetti
United States District Judge