Copy mailed by Chambers 1/25/21. DH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

UNITED STATES OF AMERICA,                          :
                                                   :
                                                   :      **ORDER**
v.                                                 :
                                                   :      17 CR 35-01 (VB)
                                                   :
ROSHEEN HILLIARD,                                  :
                        Defendant.                 :
--------------------------------------------------------------x

      By Memorandum Opinion and Order dated June 15, 2020, the Court denied defendant Rosheen Hilliard's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court found Hilliard had not shown extraordinary and compelling reasons warranting his early release and that consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a) cut strongly against reducing his sentence given the exceptionally serious nature of his offense and his lengthy criminal history.  Hilliard now renews his motion on essentially two grounds: (i) he is obese and therefore at increased risk of serious complications if he were to contract COVID-19, and (ii) there has been a recent increase in COVID-19 cases at FCI Fort Dix where he is incarcerated.

      For the reasons set forth below, the renewed motion is DENIED.

      First, the underlying circumstances of Hilliard's offense have not changed—he was the organizer and leader of an extensive heroin trafficking organization that operated in and around Sullivan County, New York, and his actions directly contributed to the pain and suffering and social ills of that community.

      Moreover, Hilliard did not claim to be obese in his initial motion, and there is no indication in Hilliard's medical records that he is now obese.  Indeed, the only reference to body mass index ("BMI") in those records reflects that in January 2020 Hilliard's BMI was between 26.0 and 26.9, which is not obese.  See Centers for Disease Control and Prevention, Overweight & Obesity, https://www.cdc.gov/obesity/adult/defining.html (last visited Jan. 25, 2021).  And, according to Hilliard's presentence report, in August 2018 he was 6'2'' tall and weighed 197 pounds, also not obese.

      Further, while FCI Fort Dix did experience a recent outbreak of COVID-19, the Court is persuaded by the government's submission that the outbreak has subsided (the vast majority of infected inmates have recovered, and no inmates have died, see Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Jan. 25, 2021)), due in large part to measures taken by the facility to mitigate the spread of the disease and provide effective medical care to inmates.  Indeed, Hilliard's medical records show he has been tested several times for the disease and promptly placed into an isolation unit upon his exposure to a COVID-positive inmate.  Also, there is no indication that if Hilliard were to contract the disease, FCI Fort Dix would be unable to provide effective medical care.

      It is important to note that the risk of infection, by itself, does not constitute an extraordinary and compelling reason for release.  If it did, the entire inmate population of a facility like FCI Fort Dix would be released.

Finally, Section 3582(c)(1)(A) mandates that the Court consider the Section 3553(a) factors "to the extent they are applicable."  As it did when it denied Hilliard's earlier motion, the Court has considered those factors here.  Hilliard has served approximately fifty months of a 108-month sentence, or roughly forty-six percent of the sentence imposed.  Given the seriousness of his offense and his lengthy criminal history, to cut Hilliard's sentence by more than half would neither promote respect for the law nor provide just punishment.  Nor would it afford adequate deterrence or sufficiently protect the public from further crimes of the defendant.  These sentencing factors supported the sentence at the time it was imposed; they continue to weigh strongly against Hilliard's early release.

Accordingly, defendant Rosheen Hilliard's renewed motion for compassionate release is DENIED.[1]

Chambers will mail a copy of this Order to defendant at the following address:

Rosheen Hilliard, Reg. No. 78381-054
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ  08640

Dated: January 25, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1]     Hilliard's request for the appointment of counsel is also denied.  There is no constitutional or statutory right to counsel for a compassionate release motion under Section 3582(c)(1)(A)(i).  See Lopez-Pena v. United States, 2020 WL 4450892, at *1 (S.D.N.Y. Aug 3, 2020).  Rather, whether to appoint counsel is subject to the Court's discretion.  Here, because Hilliard's motion set forth in detail the bases for his request, and because the motion lacks merit, there is no reason to appoint counsel.