**EMERGENCY MOTION-COVID-19 OUTBREAK**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    -against-                                    No. 17 Cr. 35-01 (VB)

**ROSHEEN HILLIARD,**

        **Defendant.**
-----------------------------------------------------------x

**DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 25, 2021 ORDER DENYING MOTION TO MODIFY SENTENCE [ 18 U.S.C. 3582 (c)(1)(A)(i) ], BROUGHT UNDER RULE 6.3 OF THE S.D.N.Y. LOCAL CIVIL RULES**

    **NOW COMES** Defendant, ROSHEEN HILLIARD, appearing *pro se*, and respectfully moves this Honorable Court for an order reconsidering its January 25, 2021 Order to denying his pro se Renewed Emergency Motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A)(i), brought under Rule 6.3 of the Southern District of New York Local Civil Rules, to correct clear error and prevent manifest injustice, and for any other relief that this Court deems just and proper.

    For the many reasons set forth hereinafter, this motion should be granted.

## I. Legal Standard.

As a preliminary matter, the standard for reconsideration under Local Civil Rule 6.3 is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Tranps. Inc.*, *70 F.3d 255, 257 (2d Cir. 1995)*. Reconsideration is not an invitation for parties "to treat the court's initial decision as the opening of dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *de los Santos v. Fingerson*, *No. 97 Civ. 3972, 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1990)*. The motion "cannot [and this motion does not] assert new arguments or claims which were not before the court on the original motion and consequently cannot be said to have been considered." *Koehler v. Bank of Bermuda Ltd., No. M18-302, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005)*. Thus, reconsideration under Local Civil Rule 6.3 is available only so a court may correct for clear error, prevent manifest injustice, or review in light of newly available evidence. *Parrish v. Sollecito, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003)*

Against this backdrop of authority, reconsideration is both appropriate and warranted in this case to correct clear error and prevent manifest injustice, since the Court overlooked matters that were properly before the Court at the time of its January 25, 2021 decision, that may very well have changed the Court's decision.

## II. Arguments.

**THE COURT SHOULD RECONSIDER ITS JANUARY 25, 2021 ORDER SINCE IT OVERLOOKED MATERIAL FACTUAL MATTERS THAT WOULD LIKELY HAVE CHANGED THE COURT'S DECISION TO DENY THE MOTION TO MODIFY DEFENDANT'S SENTENCE BASED ON EXTRAORDINARY AND COMPELLING REASONS – THE THREAT POSED BY COVID-19**

### (a) The Court Overlooked Defendant's Hepatitis C Condition.

Hepatitis C is an underlying condition that increases the risk of complications from COVID-19. Although the Defendant advises the Court of his "obesity," which persists despite the Court's contrary conclusion – that was based on inaccurate medical records, a testament to the Bureau of Prisons' inability to provide adequate care to its most vulnerable population – and his Hepatitis C condition, the Court overlooked the Hepatitis C condition in finding that Defendant was not particularly at risk. Reconsideration is, thus, warranted.

**(b) The Court Overlooked The Death of an Inmate at FCI Fort Dix.**

In denying Defendant's motion for compassionate release the Court also made a finding that the coronavirus outbreak at FCI Fort Dix is under control, and that no deaths have resulted. The Court purportedly consulted Bureau of Prisons data dated January 25, 2021. However, at that time it was well known throughout the Courts and the world that MYRON CROSBY, Reg. No. 00561-138, **died on January 22, 2021**, after contracting COVID-19 at FCI Fort Dix, after his motion for compassionate release was denied by a district judge who believed (to Mr. Crosby's demise) that the Bureau of Prisons had the dire conditions at FCI Fort Dix under control. Without conducting an evidentiary hearing despite a material factual dispute between Defendant and the Government regarding the conditions at FCI Fort Dix, the Court credited the Government's wholly inaccurate assertions – resulting in clear error, certain to result in manifest injustice if uncorrected.

Accordingly, reconsideration of the Court's January 25, 2021 Order is both warranted and appropriate.

### (c) The Court Overlooked The Bureau of Prisons' Inability To Isolate Inmates Who Test Positive For COVID-19, at FCI Fort Dix.

In denying the compassionate release motion, the Court also found, as a matter fact (without a hearing) and despite the existence of a material factual dispute, that Defendant was tested several times for COVID-19 and isolated after being in close contact with an inmate who had been exposed to the virus. These judicial findings are wholly inconsistent with the facts.

Inmates at FCI Fort Dix are incapable of being isolated due to the structure of the facility. There is simply no place to isolate them. In fact, this Defendant has never been isolated. Rather, this Defendant has been placed in close confines and proximity to hundreds of inmates who have tested positive for the virus, over his objection. The conditions at FCI Fort Dix are deplorable, to put it mildly. The current outbreak is considerably worse than reported, and the Court could not make an accurate assessment of the conditions without some sort of hearing. To simply credit the word of the Government (which is precisely what the Court has done in this case) is to ignore the Court's Constitutional and judicial obligation to determine the facts and apply the law fairly and appropriately.

A complete miscarriage of justice is in the making. The same thing that is occurring here, occurred in the case of MYRON CROSBY, who is now dead because the Government made misrepresentations to the district court about the conditions at FCI Fort Dix, and the district judge whole-heartedly embrace those misrepresentations, and made them his own. A life could have been saved had the Court embarked upon the sometimes daunting judicial task of fact-finding. This Court has been lied to by the Government, and has relied on inaccurate records – of which the Government is the record keeper, a demonstration of its ineptitude.

For this reason alone, reconsideration is both warranted and appropriate.

### (d) The Court Overlooked Favorable 18 U.S.C. 3553(a) Factors.

In considering a motion for compassionate release under 18 U.S.C. 3582(c)(1)(A)(i), courts are directed to "consider[] the factors in [18 U.S.C.] 3553(a) to the extent that they are applicable.…" *18 U.S.C. 3582(c)(1)(A)(i)*. Those factors include "the need for the sentence imposed to reflect the seriousness of the offense…," *see, 18 U.S.C. 3553(a)(2)(A)*.

The parsimony clause of Section 3553(a) also directs a court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of that section. In denying Defendant's Renewed motion, the Court failed to give any consideration to the fact that Defendant is likely to perish from COVID-19 while serving the sentence imposed, given his underlying medical conditions. Such a result would render the sentence currently being served not only "greater than necessary," but it would not "reflect the seriousness of the offense" of conviction. A death sentence would greatly overstate the seriousness of the offense of conviction, and despite the Court's view of impact of the offense (which Defendant agrees with) death is a wholly inappropriate punishment for the offense.

Reconsideration is, again, both warranted and appropriate.

## **CONCLUSION**

Based on the foregoing, it is abundantly clear that the Court overlooked factors that counseled in favor of granting the Renewed motion for compassionate release, and the Court made findings that were inconsistent with the facts as a result of overlooking relevant facts.

WHEREFORE, Defendant prays that this Court will grant this motion and reconsider and vacate its January 25, 2021 Order denying his Emergency Renewed Motion for compassionate release under 18 U.S.C. 3582(c)(1)(A)(i).

Dated: Fort Dix, New Jersey
January 29, 2021

Respectfully submitted,

/s/ *Rosheen Hilliard*

_____
ROSHEEN HILLIARD
F.C.I. FORT DIX (WEST)
P.O. BOX 2000
JOINT BASE MDL, NEW JERSEY 08640

**CERTIFICATE OF SERVICE**

This shall certify that a true and correct copy of this motion has been furnished upon the U.S. Attorneys Office for the Southern District of New York at 300 Quarropas Street, White Plains, New York 10601, by my having caused same to be placed in the United States Mail, postage prepaid, on this 29th day of January 2021.

/s/ *Rosheen Hilliard*

_____
ROSHEEN HILLIARD

-8-