Copies Mailed/Faxed 2/16/21
Chambers of Vincent L. Briccetti

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/17/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ROSHEEN HILLIARD,
Defendant.

**ORDER**

17 CR 35-01 (VB)

Defendant Rosheen Hilliard has filed a motion for reconsideration of the Court's Order dated January 25, 2021, denying his renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. #172). Having carefully reviewed the motion for reconsideration, as well as the government's opposition (Doc. #176) and Hilliard's reply (Doc. #177), the Court finds that Hilliard has not demonstrated extraordinary and compelling reasons warranting a reduction of sentence, especially when considered in light of the sentencing factors set forth in 18 U.S.C. § 3553(a).

In the instant motion, Hilliard claims the Court failed to consider his hepatitis C condition, overlooked the fact that an inmate at FCI Fort Dix had recently died from COVID-19, overlooked the inability of the Bureau of Prisons ("BOP") to isolate inmates who test positive for COVID-19, and failed to consider "the fact that Defendant is likely to perish from COVID-19 while serving the sentence imposed, given his underlying medical conditions." (Doc. #172 at 7).

First, the Court has not overlooked Hilliard's hepatitis C condition. In its memorandum opinion and order dated June 15, 2020 (Doc. #153), the Court concluded there was no credible evidence that this condition subjected Hilliard to heightened risk of serious complications from COVID-19. And Hilliard did not even mention his hepatitis C in his renewed motion for compassionate release. Nothing in the instant motion or in Hilliard's medical records warrants reconsideration of the Court's previous conclusion.

Second, although it is true an FCI Fort Dix inmate died on January 22, 2021 (of which the Court was unaware at the time it issued its January 25 order), that unfortunate fact does not alter the Court's conclusion that the recent outbreak at Fort Dix has subsided and that the vast majority of inmates who have tested positive have recovered. <u>See</u> <u>Federal Bureau of Prisons, COVID-19 Coronavirus</u>, https://www.bop.gov/coronavirus/ (last visited Feb. 16, 2021) (fifty-six inmates currently positive, 1,605 inmates have recovered, and one inmate has died). Moreover, Hilliard neglected to mention in his motion for reconsideration that he tested positive for the virus on January 6, 2021, experienced some symptoms, and has apparently recovered.[1] It is not clear whether he has any lingering effects, but because he has already had (and fortunately recovered from) the disease, his risk of reinfection is extremely low. <u>See</u> <u>Centers for Disease Control and Prevention, Reinfection With COVID-19</u>, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Feb. 16, 2021) ("Cases of reinfection with COVID-19 have been reported, but remain rare."). Thus, a sentence reduction based on the risk

[1] Hilliard's reply implicitly acknowledges that he was previously infected with the virus. (Doc. #177 at 2).

of contracting the virus again makes no sense. See United States v. Hawkins, 2021 WL 40206, at *2 (E.D.N.Y. Jan. 5, 2021); United States v. Hardy, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020); United States v. McCallum, 2020 WL 7647198, at *1 (S.D.N.Y. Dec. 23, 2020).

Third, Hilliard's medical records reflect that after Hilliard tested positive, he was "relocated to isolation B side of camp and placed immediately on ISOLATION for (+) covid 19." (Doc. #176, Ex. A at 4). Other than his say-so, Hilliard has provided no credible information to support his claim that FCI Fort Dix is not taking appropriate steps to mitigate the spread of the virus, or that the facility is otherwise not providing adequate medical care and treatment to inmates, including Hilliard.

Fourth, Hilliard also provides no evidence he is likely to die from COVID-19. As noted above, he has apparently recovered from COVID-19, as have the vast majority of FCI Fort Dix inmates who have contracted the disease. Although the pandemic continues to be a matter of grave concern, the risk of infection, by itself, does not constitute an extraordinary and compelling reason for reduction of a lawfully imposed prison sentence. If it did, the entire inmate population of a facility like FCI Fort Dix would be released.

Finally, and importantly, Section 3582(c)(1)(A) mandates that the Court also consider the Section 3553(a) factors "to the extent that they are applicable." The Court has done so here. Hilliard was the organizer and leader of an extensive heroin trafficking organization that operated in and around Sullivan County, New York, and his actions directly contributed to the pain and suffering and social ills of that community. He has served about 50 months of a 108-month sentence. Given the seriousness of his offense and his lengthy criminal history, to reduce his sentence by nearly five years would neither promote respect for the law nor provide just punishment. Nor would it afford adequate deterrence or sufficiently protect the public from further crimes of the defendant. These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Hilliard's early release.

Defendant Hilliard's motion for reconsideration DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Rosheen Hilliard
Reg. No. 78381-054
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

Dated: February 16, 2021
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge